FILED
___O'clock & ___min. ___M
NOV 23 2004
BRENDA K. ARGOE, CLERK
United States Bankruptcy Court
Columbia, South Carolina (36)

ENTERED
NOV 2 3 2004
L.O.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Stanley Carl Scruggs, a/k/a Stanley C. Scruggs, Sanely Michael, Scruggs Mobile Homes, and Scruggs Enterprises, Inc. and Vicki Darlene Scruggs, a/k/a/ Vicki Long, v. D. Scruggs, Scruggs Mobile Homes,<br><br>Debtors. | C/A No. 04-12277-W<br><br>ORDER<br><br>Chapter 13 |

THIS MATTER comes before the Court upon a Rule to Show Cause and Notice ("Rule") issued to Stanley and Vicki Scruggs ("Debtors") and Blaine Edwards ("Counsel") to appear and show cause whether Debtors are eligible for relief in this case due to simultaneous cases pending before this Court. Debtors apparently operate a mobile home moving and hauling business.

On January 6, 2004, Debtors filed a voluntary petition pursuant to Chapter 7, case number 04-1400. In the schedules filed on March 8, 2004, Debtors listed debt as follows:

| | |
|---|---|
| Secured Debt: | $816,063.00, 20 creditors; |
| Unsecured Priority Debt: | $ 38,055.00, 1 creditor; |
| Unsecured Non-Priority Debt: | $700,486.00, 109 creditors. |

Pursuant to schedules D, E and F, Debtors did not assert that any debt was contingent, unliquidated or disputed. It appears that according to those schedules, Debtors were not eligible at that time to file a chapter 13 case pursuant to § 109(e). Debtors filed a Statement of Intention required by 11 U.S.C. § 521(2) which indicated that Debtors intended to retain possession of nine (9) properties by continuing to make regular payment to the affected creditors pursuant to the authority provided in Home Owners Funding Corp. v. Belanger (In re Belanger), 962 F.2d 345 (4th Cir. 1992).

On April 8, 2004, the Chapter 7 Trustee declared that case number 04-1400 was an asset case and requested that creditors be advised to file proofs of claim. On June 8, 2004, a discharge of Debtors was entered. On October 4, 2004, the United States Trustee filed a Complaint to Revoke Discharge, Adv. Pro. No. 04-80328, which alleges that Debtors concealed property and thus asserts grounds for a revocation of discharge pursuant to 11 U.S.C. § 727(d)(1) and (2).

While the Chapter 7 case was still pending, Debtors filed a voluntary petition under Chapter 13 on October 14, 2004 (the above-captioned case). In the schedules filed in that case, Debtors listed debt as follows:

| | |
|---|---|
| Secured Debt: | $674,335.00, 13 creditors; |
| Unsecured Priority Debt: | $ 10,500.00, 4 creditors; |
| Unsecured Non-Priority Debt: | $725,822.00, 142 creditors. |

A significant number of these creditors, approximately 104, were also listed as creditors in the Chapter 7 case and addressed by the discharge in that case.

In this Chapter 13 case, Debtors indicated that the debts to those 104 creditors listed in both cases were contingent.[1] Included therein were creditors with claims associated with the nine (9) properties that Debtors indicated on their 11 U.S.C. § 521 statement of intention would be kept current. By indicating such "contingent" debt in this case, Debtors assert that they meet the debt limitations for Chapter 13 eligibility stated in § 109(e).[2]

---

[1] The remaining debts appear to be new debt incurred since the filing of the Chapter 7 case.

[2] 11 U.S.C. § 109(e) provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $250,000 noncontingent, liquidated, secured debts of less than $750,000 may be a debtor under chapter 13 of
> (Footnote continued on next page)

2

At the hearing on the Rule, Debtors' Counsel stated that it was necessary to file this case prior to the closing of the Chapter 7 case because Debtors had fallen behind in the payments necessary to retain property as indicated on their statement of intent. 11 U.S.C. § 521(2). Accordingly, Counsel indicated that Debtors needed the automatic stay to prohibit those affected creditors from recovering their collateral. Additionally, Counsel indicated that Debtors were not originally eligible for Chapter 13 because their debt exceeded the limitations of § 109(e). However, Debtors qualify in the above-captioned Chapter 13 case due to the discharge of significant debt in the Chapter 7 case. For those reasons, Debtors assert that the filing of simultaneous cases is warranted.

This Court has previously dismissed a second and simultaneously filed Chapter 13 case which was filed to delay creditors who had previously been granted relief from the automatic stay in a prior Chapter 13. In re Garner, C/A No. 02-2058, slip op. (March 11, 2002). This Court has also found that the conversion of a case to Chapter 13 after a discharge of the same debts incurred in the case as a Chapter 7 case was not permitted absent debtor's agreement to revocation of the discharge. In re Fisher, C/A No. 00-5354, slip. op. (January 30, 2002). As noted by the court in In re Lord, 295 B.R. 16 (E.D.N.Y. 2003), a significant number of courts have ruled that only one bankruptcy case may be pending at a time and for a given debtor. See, e.g., In re Turner, 207 B.R. 373, 378 (B.A.P. 2d Cir. 1997); In re Barnes, 231 B.R. 482, 483-485 (E.D.N.Y. 1999); In re Fulks, 93 B.R. 274, 275 (Bankr. M.D. Fla.1988); In re Smith, 85 B.R. 872, 874 (Bankr. W.D. Okla.1988); In re Heywood, 39 B.R. 910, 911 (Bankr. W.D.N.Y. 1984). The court in In re Lord further recognized that a minority of courts have refused to adopt a *per se* prohibition, and have permitted "simultaneous Chapter 7 and 13 petitions [that] relate to different assets and different debts." 295 B.R. at 18-19.

The filing of simultaneous bankruptcy cases is not a new tactic and has been addressed by the

---

this title. (footnotes referencing periodic adjustment of dollar amounts omitted).

3

United States Supreme Court on at least two occasions. In <u>Freshman v. Atkins</u>, the Court addressed two simultaneously filed cases, a chapter 7 case in which discharge was denied followed by a chapter 13 case, and indicated that the "pendency of the first application precluded a consideration of the second in respect of the same debts." 269 U.S. 121, 122 (1925). The United States Supreme Court's decision in <u>Atkins</u> has been cited for the proposition that two cases which seek to discharge the same debt cannot be pending simultaneously. See <u>Transamerica Credit Corp. v. Bullock (In Re Bullock)</u>, 206 B.R. 389, 392-93 (Bankr. E.D. Va.1997). A number of other courts have recognized this principle. See <u>In Re Teal</u>, 297 B.R. 922, 925 (Bankr. S.D. Ga. 2003); <u>In Re Taylor</u>, 261 B.R. 877, 887-88 (Bankr. E.D. Va. 2001).

Further, in <u>Johnson v. Home State Bank</u>, the United States Supreme Court refused to adopt a per se rule prohibiting "serial chapter 20" filings; that is, a chapter 13 case to be filed after a chapter 7 discharge was obtained where the chapter 13 case addressed mortgage liens or nondischargeable claims that survive the chapter 7 discharge. 501 U.S. 78 (1991). The Court determined that the permissibility of such cases should depend upon the circumstances of the cases and a "good faith" determination. However, the Court in <u>Johnson</u> did not recognize "simultaneous chapter 20 filings" which seek to discharge the same debt. <u>Id.</u>

Policy considerations also require that such "simultaneous chapter 20 filings" receive strict scrutiny. Simultaneous cases, involving the same debts and assets, confuse creditors and create repetitive litigation. The filing of a chapter 13 petition during the administration of assets by a Chapter 7 Trustee (in an asset case) may require the return of such assets to the debtor, thus allowing the debtor the benefit of the chapter 7 discharge without the corresponding burden of liquidation of non-exempt assets (with equity) to pay legitimate creditors. Furthermore, in this case, Debtors, who had retained property by pledging to remain current as a means of meeting the requirements of

4

§ 521(2), could improperly use the automatic stay in the new case to thwart relief from stay that may be warranted due to their failed compliance with § 521, or to extend their possession of property without making payments as contemplated by In re Belanger, 962 F.2d 345. See, e.g., In re Rathburn, 275 B.R. 434, 446 (Bankr. D.R.I. 2001) ("[r]elief from the automatic stay constitutes the appropriate remedy for "garden variety" violations of § 521(2)(B)); In re Donnell, 234 B.R. 567, 575 (Bankr. D.N.H. 1999) (same). See also Tidewater Fin. Co. v. Cooper (In re Cooper), 296 B.R. 410, 413 (Bankr. E.D. Va. 2002) (permitting debtors to retain property as set forth in their § 521 statement of intent inasmuch as they were current in payments, but noting that creditor would be entitled to repossession of collateral upon subsequent failure to remit payments).

Therefore, for these reasons, the Court finds this simultaneously filed Chapter 13 case should be dismissed. Inasmuch as the filing has delayed and prejudiced creditors and thwarted Debtors' obligation pursuant to § 521 and In re Belanger since the filing on October 14, 2004, this case is dismissed with prejudice to bar a further filing under Chapter 13 for a period of forty-five (45) days from the entry of this Order.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
November 23, 2004.